[*General Term, April*, 1872.]

ALEX. H. McGUFFEY ET AL., EXECUTORS, Plaintiffs in Error, *v.* LOUISA R. BROOKE, EXECUTRIX, Defendant in Error.

The testator Brown devised to Brooke three thousand dollars, to be paid after the death of Brown's widow; Brooke dies before the widow:

*Held*, that the legacy vested in the legatee, and was a charge upon the estate, and that upon the death of the widow it must be paid to Brooke's executor.

*McGuffey, Morrill & Strunk,* for plaintiff in error.

*Storer, Goodman & Storer,* for defendant in error.

HAGANS, J.   The petition alleges that, on the 21st October, 1851, the will of Stephen G. Brown was admitted to probate in this county, and letters testamentary were issued to the plaintiff in error.   By the terms of the will, the testator devised to Rev. J. L. Brooke, D. D., three thousand dollars, and the testator directed that sum should be paid as soon after the death of his wife as his executors should deem expedient.   The clauses of the will, so far as they relate to the case, are as follows: The testator first devises to his wife, in fee, store, No. 16 Pearl street; then, "second, I give and devise to my executors, and their heirs, all the other property, real and personal, and all rights, credits, moneys, and effects of which I may die seized or possessed, in trust, nevertheless, for the uses and purposes following, viz: *First,* for the payment of my just debts and funeral expenses, the whole residue, of whatever nature or wherever situated, to be used, enjoyed, managed, and controlled by my said wife, Martha Brown, for her own benefit and behoof, without any interference or control from or by account to my said executors or any other person or persons, during the full period of the natural life of my said wife; but subject to the payment of the following annuities, viz:" one of $300 to Mrs. Hannah Churchill, and one of $150 to Mary Messenger, "to commence at the time of my decease."

"*Third.*   I give and bequeath to the following persons and institutions the following sums of money, viz:"

To Mrs. Churchill, in addition to the annuity, $2,000.

To various persons and benevolent institutions various sums, and among them to Rev. J. T. Brooke, D. D., $3,000.

"*Fifth.*   The sums bequeathed in the third section of my will shall be paid by my executors to the respective legatees as soon after the decease of my said wife as it may in their judgment be expedient so to do."   And then the

testator provides the mode by which the money shall be raised, after the death of his wife.

"*Sixth.* I hereby authorize and empower my said wife to dispose according to her pleasure, and either by deed or will, of one-half of whatever may remain of my estate, after the payment and discharge of the legacies and annuities herein above bequeathed and created, and of the expenses of the management of the estate up to the time of such payment and discharge. But such disposition shall not take effect or become operative until such legacies, annuities, and expenses are all fully paid and terminated." But if she should not dispose of said half, then it was to go to the erection of a "free chapel" for the promulgation of no doctrine inconsistent with Orthodox Trinitarian doctrines.

Martha Brown, the widow, deceased in June, 1868, and it is alleged that the legacy to Dr. Brooke became due and payable; Dr. Brooke is dead; the defendant in error is his personal representative, and she prays judgment for the legacy and interest.

The plaintiffs in error answered that Martha Brown, the widow, took possession of all the estate after payment of debts and funeral expenses, and used, enjoyed, managed, and controlled it for and during her natural life; that the sum bequeathed to Dr. Brooke was not to be paid until after the death of Mrs. Brown; that Dr. Brooke died in August, 1861, during the life of testator's widow. They deny that Dr. Brooke ever had any interest, property, or estate in the estate of the testator, or any claim on his executors; that the devise to Dr. Brooke could only take effect in case Dr. Brooke survived Mrs. Brown, and that, by the death of Dr. Brooke during her life, the legacy to him lapsed, and the money belongs to the estate, to be distributed to other legatees and devisees named in the will.

To this answer the defendants in error demurred at Special Term, and it was sustained, and judgment rendered in their favor for the amount of the legacy and interest. To reverse this judgment, this petition in error is prosecuted.

It is claimed that no estate vested in Dr. Brooke until after the death of Mrs. Brown, and Dr. Brooke being then dead, there was no one to take, and so the legacy lapsed; that the will gave Mrs. Brown the absolute power of disposition, and that the legacy was limited to take effect upon the contingency that something remained, over which thing the widow had control by the terms of the will. It is admitted that the estate is entirely able to pay the legacy; but it is claimed, from the facts stated, that the legacy never vested. If such an intention can be gathered from the will as a whole, then, undoubtedly, the judgment below was wrong. But it must be remembered that the current of authorities, both in England and this country, which are too numerous to cite, hold that unless the intention of the testator that the legacy shall lapse be unequivocally expressed, or can be clearly gathered from the whole will, no lapse will be declared, but the legacy will be held to have vested, and no such an action as this can be maintained. 2 Williams on Exr's, sec. 1054; 2 Redfield on Wills, 590, *et seq.*

The rule that if possible every gift shall stand good, is exemplified in the old case of Cro. Eliz. 9, and has been fully adopted in Ohio by our Supreme Court, in *James, Ex'r,* v. *Pruden,* 14 Ohio St. 251. There the court held where a total repugnancy did not exist, a remainder not created by absolute testamentary gift was not to be avoided. This seems decisive of the case at bar, if it were necessary to adopt the principle in either. The will in this case bequeaths all the property, after the devise in the first clause, to the executors for the wife's benefit for life, subject to the annuities, and then makes an absolute gift to the devisees named in the third section of the will, and provides for their payment after the wife's death by sale of the whole estate, if necessary.

The bequest of the legacies is perfectly clear and free from doubt, so far as that section of the will is concerned. No contingency is therein named. It is kept separate, and only the apparent power of disposition of the whole estate

by the widow, contained in the other parts of the will, furnishes any foundation for the objections or any doubt as to the expressed intention of the testator. But we think it very clear, from the whole will, that the testator did not intend to vest in the widow such absolute power of disposition of the estate as to defeat the intention to bestow his bounty upon the persons named. The construction of the will, as claimed by the plaintiffs in error, so gives to the widow the absolute power of disposition as that the legacies might be wholly defeated, and render the will, as to them, a nullity. By the terms of the will it is possible to urge, as it was in *Pruden* v. *Pruden*, 14 Ohio St. 251, that the control given to the wife was "of the very essence of absolute ownership." The court also held that where one construction of a will gives effect to the whole instrument, and the other will destroy, the former must always be adopted. But the creation of the trust in this will, if there were nothing else, negatives the broad claim made by the plaintiffs in error, to say nothing of the form of the bequests themselves. Besides, the sixth section of the will actually limits the power of disposition to one-half the estate, and that only by either deed or will, and after the legacies are paid. We think this, in connection with the other parts of the will, conclusive that the testator intended that the legacies should vest in the legatees as purchasers, and be paid at all events, constituting them a charge on the estate. The testator simply has fixed the time of payment.

We find nothing in the cases cited to us that conflicts with the conclusions we have reached. *Clyde* v. *Simpson*, 4 Ohio St. 445; *Key* v. *Beck*, 15 Ohio, 559; *Boyd* v. *Sinton*, 19 Ohio St. 30; *Snively* v. *Beavan*, 1 Maryland, 203.

We have been greatly aided in our labor by the very carefully prepared and elaborate argument of the questions submitted to us by counsel on both sides. We have not been convinced, however, by the argument of the counsel for the plaintiffs in error, that the judgment of the judge at Special Term was wrong.

Judgment affirmed.